UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

MICHAEL HENDRIX, )
 )
    Movant, )
 )
v. ) Case No. CV611-064
 ) CR609-011
UNITED STATES OF AMERICA, )
 )
    Respondent. )

## ORDER

Michael Hendrix moves to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255, alleging that his counsel was ineffective for disregarding his direct instruction, by letter, to file an appeal on his behalf.[1] (Doc. 1 at 21.) Hendrix has submitted a letter from his attorney, Matthew Hube, who noted receipt of a letter from Hendrix asking Hube to file a notice of appeal on his behalf. (*Id.* at 22.)

---

[1] "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Because a defendant is entitled to a direct appeal from his conviction as a matter of right, *Rodriguez v. United States*, 395 U.S. 327, 329-30 (1969), "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that the appeal would have had merit." *Flores-Ortega*, 528 U.S. at 477.

Hube explained that he did not think there were any appealable issues. (*Id.*) In its response, the government contends that Hendrix has told only half of the story. It has provided an affidavit by Hube explaining that Hendrix later withdrew his request to appeal. (Doc. 6-1.) Attached to that affidavit is a letter from Hendrix explicitly stating that no longer wished Hube to pursue an appeal. (Doc. 6-1 at 10.)

The government submitted the exhibits pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts. (Doc. 6 at 9 n.2.) Under that Rule, a Court may direct the parties to expand the record by submitting additional materials relating to the motion. *Id.* According to Rule 7(b), those materials may include, among other things, letters and affidavits. However, under Rule 7(c), the "judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness."

Hendrix, then, shall have thirty days from the date of this Order to either admit or deny the accuracy of the government's exhibits. He may also either withdraw his ineffectiveness claim or offer additional evidence expanding upon it. He may only submit properly authenticated documents or a sworn affidavit in support of his position, however. And

he is advised that any false swearing may expose him to prosecution for perjury.[2]

**SO ORDERED,** this __1st__ day of August, 2011.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Whether in a witness chair before this Court, or while crafting court filings in a prison cell, *no one* is permitted to lie to or otherwise knowingly mislead this Court. All who swear to any facts advanced in quest of judicial relief are subject to criminal prosecution if they commit perjury, or submit a false declaration in violation of 18 U.S.C. § 1623(a). *See, e.g., United States v. Dickerson*, CR608-36, doc. 47 (S.D. Ga. Dec. 11, 2008) (convicted of violating 18 U.S.C. § 1623(a) while seeking 28 U.S.C. § 2255 relief); *aff'd*, 2010 WL 4409382 (11th Cir. Nov. 8, 2010), *cited in Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009).